CRAIN, J.,
concurring.
|J agree with the majority decision and write separately to emphasize that Louisiana Revised Statute 13:4209 sets forth the exclusive circumstances in which a judge will be considered a “successor judge” authorized to sign a judgment rendered by his predecessor. Because the parties never submitted a written judgment, Judge Chutz, to whom the case was allotted after two recusals, was faced with a procedural shortcoming and no efficient solution. Given this circumstance, Judge Chutz candidly set forth in both his written reasons and judgment that he was issuing the judgment on appeal as “successor judge” in the proceeding and that the rulings were those of Judge Drake. Nevertheless, for the reasons set forth by the majority, Judge Chutz is not the “successor judge” to Judge Drake and the definition of a “successor judge” can only be expanded by the legislature. I also agree that the law of the case doctrine is inapplicable.